Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 344 | **DATE** | 8/12/2004 |
| **CASE TITLE** | Marshalynn Chatmon vs. Jo Anne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Plaintiff's motion to reverse the Final Decision of the Commissioner of Social Security (19) is granted in part. Defendant's motion for summary judgment (21) is denied. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 1 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 2004 AUG 12 PM 5:52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



AUG 1 3 2004

| | |
|---|---|
| MARSHALYNN CHATMON, o/b/o TATIANA CHATMON<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. 04 C 344<br><br>George W. Lindberg<br>Senior United States District Judge<br><br>AUG 1 3 2004 |

## MEMORANDUM AND ORDER

Pursuant to 42 U.S.C. § 405(g), Marshalynn Chatmon, on behalf of Tatiana Chatmon[1], (collectively, "Plaintiff") seeks judicial review of the Commissioner's final decision to terminate Tatiana Chatmon's Supplemental Security Income benefits. Plaintiff's complaint, *inter alia*, asks the Court to find that Tatiana Chatmon is entitled to the terminated benefits or, alternatively, reverse the Commissioner's final decision with respect to Tatiana Chatmon's benefits and remand the case for additional administrative hearings.

Plaintiff has filed a motion to reverse the Commissioner's final decision[2] and Defendant has filed a motion for summary judgment.[3] Plaintiff's motion is hereby granted in part and Defendant's motion is hereby denied.

---

[1] Marshalynn Chatmon is the mother of Tatiana Chatmon.

[2] Plaintiff's motion will be construed as a summary judgment motion.

[3] Defendant's response to Plaintiff's motion consists of Defendant's summary judgment motion. In the interest of judicial economy, Defendant's summary judgment motion will be construed as both (1) Defendant's response to Plaintiff's motion and (2) a cross-motion for summary judgment.

23

*Analysis*

It is well-established that "[c]ross-motions for summary judgment are the standard method for presenting a case to a district court for decision on the record compiled by the administrative tribunal that the court is reviewing." *Dale M. v. Bd. of Educ. of Bradley-Bourbonnais High Sch. Dist. No. 307*, 237 F.3d 813, 816 (7th Cir. 2001) (citations omitted); *see also Scheck v. Barnhart*, 357 F.3d 697, 699, 703 (7th Cir. 2004) (affirming district court decision denying plaintiff's cross-motion for summary judgment and granting Commissioner's cross-motion for summary judgment). In reviewing the Commissioner's final decision, the Court must consider the entire administrative record but may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) (citation omitted); *see also Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (same). Review of the administrative law judge's ("ALJ") factual findings is "limited to determining whether the. . .findings are supported by substantial evidence."[4] *Young*, 362 F.3d at 1001 (citations omitted); *see also Scheck*, 357 F.3d at 699 (same). Of course, the Commissioner's final decision must also be "free of legal error."[5] *Golembiewski v. Barnhart*,

---

[4]Substantial evidence is defined as evidence that "a reasonable person would accept. . .as adequate to support the conclusion." *Young*, 362 F.3d at 1001 (citation omitted). The substantial evidence standard is "a deferential but not entirely uncritical standard. . . ." *Golembiewski v. Barnhart*, 322 F.3d 912, 915 (7th Cir. 2003) (citation omitted). While the Court is obligated to conduct "a critical review of the evidence[,]" factual findings that are supported by substantial evidence must be affirmed "even if an alternative position is also supported by substantial evidence." *Scheck*, 357 F.3d at 699 (citation omitted); *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (The ALJ's decision "cannot stand if it lacks evidentiary support or an adequate discussion of the issues" and "must build an accurate and logical bridge from the evidence to his conclusion. . . .") (citations and internal quotation marks omitted).

[5]An ALJ's conclusions of law are not generally entitled to the deference that is afforded to his or her factual findings. *See Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

322 F.3d 912, 915 (7th Cir. 2003) (citation omitted); *see also Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (same).

Plaintiff advances several arguments in support of her motion. Initially, she proposes that "[t]he ALJ failed to obtain a valid waiver of claimant's right of representation" and that the participation of an attorney "may have afforded a different outcome to this case." The Court agrees.

It is settled that "[a] claimant has a statutory right to counsel at a disability hearing." *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (citations omitted); *see also Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991) (same). However, this right may be waived. *See id.* To ensure that any such waiver is valid, an ALJ must "explain to the *pro se* claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Binion*, 13 F.3d at 245 (citation omitted).

Here, a valid waiver of Plaintiff's statutory right to counsel was not obtained. The transcript of Plaintiff's June 11, 2003 hearing before the ALJ revealed the following discussion concerning Plaintiff's right to counsel:

> ALJ: Okay. A couple of things I want to go over before we proceed and the first thing is I notice the Notice of Hearing and other information we sent to you indicate that you could have an attorney or other representative here to assist you if you so choose or if you wish to proceed today without out that's fine also. I just want to make sure you understand –
> WTN: [Marshalynn Chatmon] Yes.
> ALJ: – you have the right.
> WTN: Yes.
> ALJ: And under the Social Security it's our policy that if you wish to testify then when we examine your daughter we would ask you to leave the room and then come back in once it's your turn to testify. If that's what you wanted to do.

3

>WTN: Okay.
>ALJ: Or if you wanted to be here as her representative you could stay in the room, but then we wouldn't be able to take your testimony so –
>WTN: Well, if I have to leave –
>ALJ: It's pretty much your choice.
>WTN: – the room to get this done.
>ALJ: You wish to testify then today too?
>WTN: Yes.

(Soc. Sec. Admin. Office of Hr'gs & Appeals R. at 298-99 (June 11, 2003).) After reviewing the transcript, the Court concludes that the ALJ did not secure a valid waiver of Plaintiff's statutory right to counsel. In fact, the ALJ failed to discuss with Plaintiff any of the three issues set forth in *Binion*.[6] *See* 13 F.3d at 245.

This finding, by itself, is an insufficient ground from which to remand the case for additional proceedings. *See id.* ("[A] claimant is not entitled to a remand based on inadequate notice of the right to representation unless the ALJ did not develop a full and fair record.") (citation omitted). Instead, it serves to shift the burden of showing that the ALJ fully and fairly developed the administrative record to the Commissioner.[7] *See Nelson v. Apfel*, 131 F.3d 1228, 1235 n.3 (7th Cir. 1997); *Binion*, 13 F.3d at 245. In order to satisfy this burden, the Commissioner must show that the ALJ fulfilled his "duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Nelson*, 131 F.3d at 1235 (citation omitted); *see also Thompson*, 933 F.2d at 585-86 (same). This duty is fulfilled when "the ALJ probes the claimant for possible disabilities

---

[6] This conclusion is not in dispute. (*See* Comm'r's Br., at 7 ("As plaintiff points out, in the present case the ALJ did not explain all the requirements set forth in *Binion*.")

[7] It is worth noting that "[t]he ALJ in a social security hearing has a basic obligation to develop a full and fair record" regardless of whether a *pro se* claimant's "waiver of counsel [i]s valid." *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997) (citations and internal quotation marks omitted); *see also Binion*, 13 F.3d at 245 (same).

4

and uncovers all of the relevant evidence." *Binion*, 13 F.3d at 245 (citations omitted); *see also Thompson*, 933 F.2d at 586 ("[W]e note that to develop the record fully and fairly, the ALJ must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.") (citation and internal quotation marks omitted). If the Commissioner fails to make the requisite showing, the case must be remanded. *See Thompson*, 933 F.2d at 586.

Generally, "'a significant omission is...required before th[e C]ourt will find that the [Commissioner] failed to assist [a] *pro se* claimant[] in developing the record fully and fairly.'" *Nelson*, 131 F.3d at 1235 (citation omitted); *see also Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994) (same). Moreover, any such omission must be prejudicial.[8] *See Nelson*, 131 F.3d at 1235. If the Commissioner successfully establishes that the ALJ fully and fairly developed the record, Plaintiff "may rebut this showing by demonstrating prejudice. The plaintiff can meet this burden by showing that the ALJ failed to elicit all of the relevant information from the claimant."[9] *Nelson*, 131 F.3d at 1235 n.3 (citation omitted); *see also Binion*, 13 F.3d at 245-46 ("evidentiary gap" also sufficient to rebut Commissioner's case) (citations omitted).

Here, Plaintiff has identified two inconsistencies in the administrative record. Initially, Plaintiff argues that "records from the claimant's school teachers [that] appear to paint a rather euphoric picture of the claimant's academic and social progress in school...do[] not comport

---

[8]"'Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand.'" *Nelson*, 131 F.3d at 1235 (citation omitted); *see also Binion*, 13 F.3d at 246 (same).

[9]*But see Luna*, 22 F.3d at 692 ("While the ALJ has a heightened duty to make sure that the record is developed when a claimant is unrepresented,...how much evidence to gather is a subject on which we generally respect the [Commissioner's] reasoned judgment.") (citations omitted).

5

with the evidence provided by the claimant's mother. . .concerning specific instances of the claimant's fighting at school." Plaintiff also alleges that "there is an inconsistency between the teacher's report concerning the claimant and the testimony by the mother that the claimant had been required to be disciplined by the school principal from time to time." Both of the inconsistencies identified by Plaintiff essentially address the same issue – alleged conflicts between Marshalynn Chatmon's testimony and written reports from Tatiana Chatmon's teachers concerning Tatiana Chatmon's ability to interact and relate with others while at school.

A review of the administrative record confirms the existence of these inconsistencies. Although the written reports never mention that Tatiana Chatmon fought with her peers or was subjected to formal discipline, Marshalynn Chatmon testified before the ALJ that her daughter was repeatedly disciplined by her school principal for fighting and other incidents of misbehavior. For example, Marshalynn Chatmon described occasions when Tatiana Chatmon (1) physically assaulted other students, (2) stole from other students, and (3) was disciplined by her school principal. *See, e.g.*, (Soc. Sec. Admin. Office of Hr'gs & Appeals R. at 322, 326-29 (June 11, 2003).) In fact, Marshalynn Chatmon testified that the school principal had actually considered suspending or expelling her daughter. (*Id.* at 328-29.)

"There is a statutory requirement that, if you are eligible for disability benefits as a disabled child, your continued eligibility for such benefits must be reviewed periodically." 20 C.F.R. § 416.994a(a). When reviewing a claimant's eligibility, the ALJ must determine, *inter alia*, whether the claimant's impairment(s) functionally equal any listed impairment(s). *See id.* at § 416.994a(b)(3)(ii) & (b)(3)(iii). In order to functionally equal a listed impairment, a claimant's impairment "must be of listing-level severity; *i.e.*, it must result in 'marked' limitations in two

domains of functioning or an 'extreme' limitation in one domain. . . ." 20 C.F.R. § 416.926a(a). An ALJ will find an extreme limitation in a domain when the claimant's impairment "interferes very seriously with [his or her] ability to independently initiate, sustain, or complete activities." *Id.* at § 416.926a(e)(3)(i). Among the six domains to be considered by the ALJ is the domain "[i]nteracting and relating with others." *Id.* at § 416.926a(b)(1)(iii). That particular domain encompasses "how well [the claimant] initiate[s] and sustain[s] emotional connections with others, develop[s] and use[s] the language of [his or her] community, cooperate[s] with others, compl[ies] with rules, respond[s] to criticism, and respect[s] and take[s] care of the possessions of others." *Id.* at § 416.926a(i). Employing that definition, the Court finds that evidence concerning Tatiana Chatmon's ability to interact and relate with her peers is crucial to any evaluation of her continued eligibility for Supplemental Security Income benefits. *See, e.g., id.* at § 416.926a(a) & (b)(1)(iii). And it flows from this finding that any failure to fully and fairly develop the record or any evidentiary gaps with respect to the previously-described inconsistencies could prejudice Plaintiff.

Here, the Commissioner has failed to show that the record was fully and fairly developed as to Tatiana Chatmon's ability to interact and relate with others while at school. More specifically, the transcript of the June 11, 2003 hearing establishes that the ALJ failed to "'scrupulously and conscientiously probe into, inquire of, and explore for all [of the] relevant facts'" related to the incidents of fighting and misbehavior identified by Marshalynn Chatmon. *Nelson*, 131 F.3d at 1235 (citation omitted); *see also Thompson*, 933 F.2d at 585-86 (same). For example, neither the ALJ nor the medical expert scrupulously probed into or explored the specific occasions of fighting and formal discipline mentioned by Marshalynn Chatmon. *See, e.g.*, (Soc. Sec. Admin. Office of Hr'gs & Appeals R. at 322, 326-29 (June 11, 2003).) As a result, the record is void of the

7

type of detailed information (*e.g.*, who, what, when, where, why, and how), written records/documents, or testimony that would permit the Court to conclude that a full and fair record was developed.

While it is within the ALJ's discretion to decide how much evidence to collect with respect to the issues before him or her (*see Luna*, 22 F.3d at 692), the ALJ's efforts in this case were insufficient. In fact, Marshalynn Chatmon actually voiced her concern during the hearing that she may not have provided all of the facts relevant to Tatiana Chatmon's claim of continued disability.[10] If nothing else, these revealing statements should have alerted the ALJ to the possibility that Marshalynn Chatmon's testimony may not have been complete. Regrettably, they did not. And since Marshalynn Chatmon's testimony was relevant to the determination of whether an extreme limitation exists in one of the six domains – interacting and relating with others – the failure to adequately develop the record with respect to that issue prejudiced Plaintiff by denying Marshalynn Chatmon a full and fair opportunity to contest the written reports provided by her daughter's teachers and present testimony and evidence favorable to Tatiana Chatmon's disability claim.

Because the ALJ did not (1) obtain a valid waiver of Plaintiff's right to counsel or (2) fulfill his duty to fully and fairly develop the record, it is not necessary to address Plaintiff's

---

[10]The transcript of Plaintiff's June 11, 2003 hearing includes the following excerpt:

> ALJ: And do you have any questions for the medical expert at this point?
> WTN: [Marshalynn Chatmon] No. I'm just nervous. I don't know why I'm nervous, but I just am. I can't think of anything to say right now. Probably when I get home I'll be like I should have said that.

(Soc. Sec. Admin. Office of Hr'gs & Appeals R. at 332 (June 11, 2003).)

remaining arguments. Instead, the case must be remanded for additional administrative proceedings. When conducting these proceedings, the ALJ must act to ensure that the entire record is developed, such that every issue relevant to the determination of Tatiana Chatmon's disability claim is fully and fairly explored. Furthermore, Plaintiff should either have counsel present during the proceedings, or the ALJ should obtain a valid waiver of Plaintiff's statutory right to counsel prior to allowing Plaintiff to proceed without an attorney.

**ORDERED:** Plaintiff's Motion to Reverse the Final Decision of the Commissioner of Social Security [19] is granted in part. Defendant's Motion for Summary Judgment [21] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is reversed, and the case is remanded for action consistent with this Memorandum and Order. Judgment will be set forth on a separate document and entered in the civil docket. *See* Fed. R. Civ. P. 58, 79(a).

DATED: AUG 12 2004       ENTER:       *George W. Lindberg*
HON. GEORGE W. LINDBERG
United States District Judge